UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND<br>RHODE ISLAND CARPENTERS PENSION FUND,<br>RHODE ISLAND CARPENTERS VACATION FUND,<br>RHODE ISLAND CARPENTERS HEALTH FUND,<br>Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds<br><br>Plaintiffs,<br><br>v.<br><br>XPRESS FLOORING CONTRACTORS,<br><br>Defendant. | ) | C.A. No. 06-402-T |

**PLAINTIFFS' MOTION FOR A DEFAULT JUDGMENT**

Plaintiffs, upon the accompanying Memorandum of Law and Declaration of Valerie Campana, respectfully move pursuant to F.R.C.P. 55(b)(2) for entry of judgment ordering defendant to submit to an audit.

Dated: April 29, 2008

Respectfully submitted,

/s/ Richard M. Peirce
Richard M. Peirce No. 05654
ROBERTS, CARROLL, FELDSTEIN & PEIRCE
10 Weybosset Street, 8th Floor
Providence, RI 02903
(401) 521-7000 Tel.
(401) 521-1328 FAX
rpeirce@rcpf.com

*Motion for Admission Pro Hac Vice Pendning*
/s/ Christopher N. Souris
Christopher N. Souris
KRAKOW & SOURIS, LLC
225 Friend Street

CERTIFICATE OF SERVICE

I, Richard M. Peirce, hereby certify that I mailed a copy of the within to the following this 29th day of April, 2008:

Xpress Flooring Contractors
c/o John C. Agostino, Jr.
399 Pond Street, B-1
Braintree, MA 02184

I, Richard M. Peirce, hereby certify that on April 29, 2008, I served the foregoing by causing a true and correct copy of the same to be sent by operation of the Court's ECF System to the following:

Elizabeth A. Wiens
Gursky Law Associates
420 Scrabbletown Road
Suite C
North Kingstown, RI 02852

/s/ Richard M. Peirce

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND<br>RHODE ISLAND CARPENTERS PENSION FUND,<br>RHODE ISLAND CARPENTERS VACATION FUND,<br>RHODE ISLAND CARPENTERS HEALTH FUND,<br>Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds<br><br>Plaintiffs,<br><br>v.<br><br>XPRESS FLOORING CONTRACTORS,<br><br>Defendant. | C.A. No. 06-402-T |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF A DEFAULT JUDGMENT CONTAINING AN INJUNCTION**

Plaintiffs Rhode Island Carpenters Annuity Fund, Pension Fund, Vacation Fund, Health Fund, and their Co-Administrator Donald Lavin, respectfully submit this memorandum in support of their motion for entry of a default judgment containing injunctive relief.

**ARGUMENT**

As alleged in paragraphs 2-5 of the complaint, the plaintiff Funds are fringe benefit funds governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, et seq.

As further alleged in paragraphs 13 and 14 of the complaint, defendant is obligated by collective bargaining agreements, as well as by the fringe benefit funds' Trust Agreements to which defendant has agreed to be bound, to submit to audits of its business records. (Campana Decl., ¶¶ 3-8).

In particular, defendant's collective bargaining agreement expressly binds it to the terms of the Trust Agreements of the various fringe benefit funds to which it contributes. (Campana

Decl., ¶5). The Trust Agreement for the Pension Fund, as an example, expressly states that: "The Trustees shall have the right, themselves or through any authority representative, to audit such books and records of any employer as may be necessary to determine if all liabilities of such Employer to the Trustees have been paid…" (Campana Decl., ¶8). The collective bargaining agreement itself similarly requires participating employers to submit to audits by the Funds. (Campana Decl., ¶4).

To date, defendant has provided only some of the documents requested by the Funds' auditor, and has failed to provide access to the most of the documents requested. (Campana Decl., ¶10, 11). Defendant has also been defaulted in this action for failure to answer or otherwise respond to the complaint. Under these circumstances, plaintiff is entitled to injunctive relief compelling defendant to submit to an audit. *See Central States Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985).

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion for entry of a default judgment directing defendant to submit to an audit should be granted. A proposed form of judgment is attached hereto.

Dated: April ___, 2008

Respectfully submitted,

/s/ Richard M. Peirce
Richard M. Peirce No. 05654
ROBERTS, CARROLL, FELDSTEIN
& PEIRCE
10 Weybosset Street, 8th Floor
Providence, RI 02903
(401) 521-7000 Tel.
(401) 521-1328 FAX
rpeirce@rcpf.com

*Motion for Admission Pro Hac Vice Pending*
/s/ Christopher N. Souris
Christopher N. Souris
KRAKOW & SOURIS, LLC
225 Friend Street

CERTIFICATE OF SERVICE

I, Richard M. Peirce, hereby certify that I mailed a copy of the Plaintiffs' Memorandum In Support Of Its Motion For Entry Of A Default Judgment Containing An Injunction, the Declaration of Valierie Campana and the proposed form of Judgment to the following this 29th day of April, 2008:

Xpress Flooring Contractors
c/o John C. Agostino, Jr.
399 Pond Street, B-1
Braintree, MA 02184

I, Richard M. Peirce, hereby certify that on April 29, 2008, I served the the Plaintiffs' Memorandum In Support Of Its Motion For Entry Of A Default Judgment Containing An Injunction, the Declaration of Valierie Campana and the proposed form of Judgment by causing a true and correct copy of the same to be sent by operation of the Court's ECF System to the following:

Elizabeth A. Wiens
Gursky Law Associates
420 Scrabbletown Road
Suite C
North Kingstown, RI 02852

/s/ Richard M. Peirce

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND<br>RHODE ISLAND CARPENTERS PENSION FUND,<br>RHODE ISLAND CARPENTERS VACATION FUND,<br>RHODE ISLAND CARPENTERS HEALTH FUND,<br>Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds<br><br>Plaintiffs,<br>v.<br><br>XPRESS FLOORING CONTRACTORS,<br>Defendant. | C.A. No. 06-402-T |

**JUDGMENT**

Defendant having failed to plead or otherwise defend this action and default having been entered on ____________, 2008.

Now upon application of plaintiffs and declaration demonstrating that plaintiffs are entitled to conduct an audit of defendant's business records, and that defendant is not an infant or incompetent person or in the military service of the United States; it is hereby

ORDERED, ADJUDGED AND DECREED:

1. That defendant take immediate steps to contact plaintiffs and make arrangements to submit to an audit of defendant's business records by plaintiffs' representatives, which audit defendant shall schedule to take place no later than 14 days following the entry of this Judgment and during which defendant shall produce, to the extent not previously produced, for the period January 2002 to the present, weekly payroll journals, individual earnings records on all employees, quarterly withholding tax and FICA returns (Forms 941 and W-3), and general ledger and cash disbursements journals.

______________________________
Deputy Clerk

Date:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND<br>RHODE ISLAND CARPENTERS PENSION FUND,<br>RHODE ISLAND CARPENTERS VACATION FUND,<br>RHODE ISLAND CARPENTERS HEALTH FUND,<br>Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds<br><br>Plaintiffs,<br><br>v.<br><br>XPRESS FLOORING CONTRACTORS,<br><br>Defendant. | ) | C.A. No. 06-402-T |

**DECLARATION OF VALIERIE CAMPANA**

Valerie Campana, under penalties of perjury, hereby declares as follows:

1. I am presently the Co-Administrator of the Rhode Island Carpenters Annuity, Pension, Vacation and Health Funds.

2. In my capacity as Co-Administrator of the plaintiff Funds, I am responsible for receiving the amounts due to be paid to the Funds by employers that have entered into collective bargaining agreements with Rhode Island Carpenters Local No. 94 and the New England Regional Council of Carpenters. I am also responsible for directing that audits be conducted of participating employers.

3. Attached as Exhibit A are excerpts from the standard collective bargaining agreement to which defendant is bound.

4. Pursuant to the collective bargaining agreement, defendant agrees to submit to audits of its payroll records by the trustees of the fringe benefit funds including but not limited to, "all

quarterly and yearly payroll tax returns, payroll listings, payroll records, individual earnings records and checks." (Exh. A, Art X, Section 6).

5. Pursuant to the collective bargaining agreements, defendant also expressly subscribes to and agrees to be bound by the trust agreements of the various fringe benefit funds, including the plaintiff Funds, in which defendant participates. (Exh. A, Art. X, Section 2).

6. Among the fringe benefit funds in which defendant participates pursuant to the collective bargaining agreement is the Rhode Island Carpenters Pension Fund. (Exh. A, Art X, Section 2).

7. Attached as Exhibit B are excerpts from the Pension Fund's Trust Agreement.

8. The Pension Fund's Trust Agreement, to which defendant has agreed to be bound, expressly authorizes the Trustees of the Fund or their representatives to conduct audits of participating employers such as defendant "as may be necessary to determine if all liabilities of such Employer to the Trustees have been paid." (Exhibit B, Section 4.10)

9. To date, defendant has failed to comply with plaintiff's repeated requests that it submit to an audit as alleged in paragraph 16 of the complaint.

10. The audit request directed defendant to produce, for the period January 2002 to the present, weekly payroll journals, individual earnings records on all employees, quarterly withholding tax and FICA returns (Forms 941 and W-3), and general ledger and cash disbursements journals.

11. After the complaint was filed, defendant provided weekly payroll journals from week ending December 31, 2004 to week ending September 23, 2005, but none of the other records covered by the audit request.

12. Defendant is not an infant or an incompetent person, or in the military service of the United States.

I declare under penalties of perjury that the foregoing is true and correct this 24th day of April, 2008.

Valerie E Campana
Valerie Campana, Co-Administrator

**CERTIFICATE OF SERVICE**

I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to served bu U.S. First Class mail on this date to Xpress Flooring Contractors, Inc., Easton Industrial Park, 24-C Norfolk Avenue, Easton, MA 02375.

______________________________
Christopher N. Souris

# Exhibit A

# AGREEMENT

**between**

## THE NEW ENGLAND REGIONAL COUNCIL OF CARPENTERS

## Local Union 94

of the

United Brotherhood of Carpenters and Joiners of America

and the

## LABOR RELATIONS DIVISION OF THE ASSOCIATED GENERAL CONTRACTORS OF RHODE ISLAND, INC.

Effective: June 5, 2005
Expires: June 7, 2009

# AGREEMENT

AGREEMENT as entered into this 6th day of June, 2005 by and between the Labor Relations Division of the Associated General Contractors, of Rhode Island, Inc. on behalf of such members as may from time to time authorize the same to be done, and such other Employers who assent to its provisions by signature thereto and as hereinafter called the Employer and the New England Regional Council of Carpenters and on behalf of Local Union 94 of the United Brotherhood of Carpenters and Joiners of America, hereinafter called the Union or carpenter. Prior to negotiations a current list of members of the Associations who have so authorized will be furnished the Union. The Associations shall provide the Union with additions to the list during the term of this Agreement. The Union may for good cause object to any such addition. The parties recognize the Union's right to reject a contractor who it has previously terminated or a contractor that does not employ carpenters to perform work covered by this Agreement.

Whereas the parties hereto agree that harmonious relations and intelligent working arrangements are essential to an equitable relationship between Contractor Employers, the public and the Union, and that all concerned must benefit by industrial peace and by the establishment and maintenance of fair contractual terms, conditions and provisions, and by the establishment and use of proper and fair methods of settling grievances.

Therefore, be it resolved:
That this Agreement shall be binding upon the parties, their successors and assignees.

## ARTICLE I
## Recognition

This Agreement shall cover "Trade Autonomy" and "Work Description" of the United Brotherhood of Carpenters and Joiners of America as follows:

### Trade Autonomy

The trade autonomy of the United Brotherhood of Carpenters and Joiners of America consists of milling, fashioning, joining assembling, erecting, fastening or dismantling of all material of wood, plastic, metal fiber, cork and composition, and all other substitute materials.

The handling, erecting, installing, dismantling of machinery and equipment in relation to millwright work, and the manufacturing of all materials where the skill, knowledge and training of the Carpenter or Joiner are required, either through the operation of machine or hand tools, either at the job site or in production of shops and factories.

## ARTICLE X
## Fringe Benefit Fund and Other Payment Provisions

Section 1. The Employer agrees to continue in effect a Stamp Plan, instituted January 1, 1977, providing for the purchase of stamps in varying denominations by Employers, to be tendered to all carpenters and apprentices with their payroll checks. The Stamp to cover the total cost of all fringe benefits: the Health Fund, Pension Fund, Annuity Fund, Apprenticeship Fund, Market Recovery Fund, Industry Advancement Fund, Dues Checkoff and Vacation Fund. There shall be no lost time in wages to employees withdrawn from an Employer who is delinquent in filing reports to the Funds, provided the withdrawal of employees is authorized by the Board of Trustees of the Funds. The Stamp Plan shall be mandatory and all carpenter employees shall participate. No wages shall be paid in lieu of benefits.

The Vacation Fund amount of fifty five cents ($.55) and the Dues Checkoff amount equal to 2.5% of the total package per hour are to be deducted from the carpenter's net pay as both of these contributions are taxable income.

The Fringe Benefit Stamps are to be purchased from First Trade Union Bank at any of its branch offices. All provisions of the agreements with First Trade Union Bank dated January 1, 1999, and the terms of the Trust Agreement, creating the Rhode Island Carpenters Fringe Benefit Plan, are incorporated herein by reference.

The period of redemption of stamps by each carpenter and apprentice shall be February 1st to May 1st in the year following the close of the calendar year in which the stamps were earned.

In the event the Employer shall require a carpenter, then employed by them in the territorial area to which this Agreement applies, to work any place outside this area, the Employer shall maintain the Stamp Plan to the same extent as if the carpenter employee were employed within the territorial area to which this Agreement applies.

An Employer's sole obligation under the terms of this Agreement shall be to make the deduction from the employee's net wages, to deliver said stamps to said carpenter employee for work performed, as provided for in above paragraphs and upon compliance therewith, he shall have no further obligation to the employee, the Union, the Association, the Trustees or the Bank to see the proper administration of said funds.

Section 2. Trust Agreements and Other Provisions - Each Employer subscribes to and agrees to be bound by the provisions of the various Agreements and Declarations of Trust, as originally adopted and as amended from time to time, referred to herein as "The Funds" and ratifies and approves all actions of the Trustees within the scope of said Trust documents of the Funds:

Rhode Island Carpenters Health Fund (H)
Rhode Island Carpenters Pension Fund (P)
Rhode Island Carpenters Annuity Fund (A)
Rhode Island Carpenters Apprenticeship and Training Fund (ATF)

Rhode Island Carpenters Market Recovery Fund (MR)
National Health and Safety Fund (NHSF)
National Apprenticeship and Training Fund (NATF)
National Labor Management Program (NLMP)
New England Carpenters Labor Management Program (NECLMP)

and also agrees to be bound by the following other payment provisions:

Rhode Island Industry Advancement Program (IAF)
Rhode Island Carpenters Vacation Fund (V)
Dues Checkoff Deduction (D)
Rhode Island Carpenters Scholarship Fund (SCH)

Section 3. Remittance Due Date - Each Employer shall file monthly remittance reports as required by the Funds or their designee not later than the twentieth (20th) day of the calendar month following the performance of the work.

Section 4. Violation of Agreement - Failure to contribute to these Funds shall be a violation of this Agreement. The Union and the Employer mutually recognize the requirement that contributions to these Funds be made on a current basis by all Employers.

Section 5. Interest - Any delinquent Employer shall be required to pay to the Funds, interest at the annual rate of two (2) percent over the prime rate from the date when payment was due to the date when payment was made. If legal action is necessary the Employer shall be liable for, in addition to delinquent payments due, twenty percent (20%) liquidated damages, reasonable attorneys' fees and any other costs of this action.

Section 6. Audit - The Employers shall make all reports on contributions required by the Funds on forms furnished by the Funds or their authorized representatives. The Trustees or their authorized representatives upon reasonable notice may examine the pertinent payroll records of any Employer, including, but not limited to, all quarterly and yearly payroll tax returns, payroll listings, payroll records, individual earnings records and checks. Cash disbursement journals and general ledgers may also be examined whenever such examination is deemed necessary by the Trustees of the funds in their sole discretion. Such examinations may be implemented by the trustees' authorized representatives in connection with the proper administration of the Funds. The expense of such audit of an Employer's records shall be borne by the Funds. In the event that the Funds or their representative shall incur attorneys' fees or other expenses in order to enforce the Funds' right to audit the records of any Employer, such attorneys' fees or other expenses shall be charged against such Employer regardless of whether the Employer shall have been delinquent in contributions to the Fund for the period of the audit.

Section 7. Benefits - The Funds shall be used to provide benefits as determined by the Trustees in accordance with the terms of the Trust and this Agreement.

## ARTICLE XXIX
## Construction Manager/Program Manager

Whenever any signatory contractor performs work as a management consultant, construction manager, program manager, developer, owner/builder or solicits bids from sub-contractors, considers proposals submitted by subcontractors or coordinates work performed by subcontractors, it shall be deemed to be a general contractor subject to the terms and conditions of this Agreement, with respect to all jobsite work, including but not limited to assuring that all work covered cy this Agreement is performed by contractors that are parties to a collective bargaining agreement with the Union, provided, however, this provision shall not apply to any affiliated development company, or to an entity that does not select subcontractors. The Employer recognizes that the Union, pursuant to the National Labor Relations Act, has the right to request that the Employer provide it with information relating to whether it manages and/or coordinates contracts or work or selects subcontractors.

## ARTICLE XXXIII
## Expiration Provision

This agreement will expire on June 7, 2009 except that if neither party to this Agreement gives notice in writing to the other party on or before April 7, 2009 that it desires a change after June 7, 2009 then this Agreement will continue in effect until June 6, 2010 and so on each year thereafter unless on or before June 1st of each year thereafter a notice is given by either party.

**LABOR RELATIONS DIVISION OF THE ASSOCIATED GENERAL CONTRACTORS OF RHODE ISLAND, INC.**

Leo V. Marshall, Chairman
Labor Division - AGC

**NEW REGIONAL COUNCIL OF CARPENTERS**

Mark Erlich
Executive Secretary/Treasurer

David F. Palmisciano
Senior Business Representative

William F. Holmes
Business Representative

W. Paul Lander
Business Representative

# **Exhibit B**

TRUST AGREEMENT

THIS AGREEMENT AND DECLARATION OF TRUST, effective January 1, 1976, made by and between RHODE ISLAND CHAPTER, ASSOCIATED GENERAL CONTRACTORS OF AMERICA, INC., a Rhode Island nonbusiness corporation, hereinafter called the "Employer," and RHODE ISLAND DISTRICT COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, a voluntary association, hereinafter called the "Union."

WHEREAS, the Employer and the Union have entered into collective bargaining agreements which obligate the Employer to make payments to a Program for employees represented by the Union; and

WHEREAS, in order to carry out such obligations and to effectuate such Program, the parties have determined to establish a trust fund to receive employer contributions and by which there may be provided for employees covered by such collective bargaining agreements, retirement benefits and such other benefits incidental thereto as the trustees may determine; and

WHEREAS, the parties thereto have been duly authorized and have the power to enter into this trust agreement,

NOW, THEREFORE, the parties agree as follows:

4.10 AUDIT OF EMPLOYER RECORDS

The Trustees shall have the right, themselves or through any authorized representative, to audit such books and records of any Employer as may be necessary to determine if all liabilities of such Employer to the Trustees have been paid, and to determine that the correct contributions have been received for all persons for whom the Employer is required to make contributions. The Trustees may authorize an insurer or its authorized representatives to make such audit. Each Employer who becomes a party hereto or consents to be bound by the terms hereof agrees to make such books and records available at all reasonable times so that such audits may be conducted. If any Employer fails to allow such audit, the Trustees may terminate plan benefits, except those which are non-forfeitable by law, of the Employees of such Employer and all other Eligible Persons for whom such Employer is responsible to pay contributions. However, the Trustees shall continue to have such rights to audit after termination of such benefits. In the event the audit which was initially rejected by the Employer is completed, benefits shall be restored to Eligible Persons of the Employer to the extent and in the amount provided in the Plan if an audit had not been rejected by the Employer.

4.11 OFFICERS' CERTIFICATES

The Trustees may rely on certificates from officers of the Employers or Unions to establish the facts stated in such certificates.

of Trust, the plan of benefits adopted by the Board of Trustees, the rules of eligibility adopted by the Trustees or any insurance contract or policy.

The undersigned parties by their officers thereunto duly authorized have executed this Agreement on the 7th day of July, 1976.

RHODE ISLAND CHAPTER, ASSOCIATED GENERAL CONTRACTORS OF AMERICA, INC.

By Clifford S. Gustafson

By John C. Amabello, Sec.

RHODE ISLAND DISTRICT COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA

By Joseph D'Amico Pres

By Fernand Paul Rec Sec